NOT FOR PUBLICATION                                                              CLOSED

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JAVIER ALVAREZ-MONROY, | : | |
| Petitioner, | : | Civil Action No. 14-0708 (SRC) |
| v. | : | |
| CHRISTOPHER SHANAHAN, | : | **MEMORANDUM OPINION & ORDER** |
| Respondent. | : | |

Petitioner is a native and citizen of Colombia, and a pre-removal-period detainee. See Alvarez-Monroy v. Holder ("Alvarez-Monroy-I"), Civ. Action No. 13-0144 (SRC) (D.N.J.), ECF No. 1, at 3. Petitioner has been continually detained since November 2009, and his cumulative pre-removal-period detention has reached thirty eight months.[1] Relying on Diop v. ICE/Homeland Sec., 656 F.3d 221 (3d Cir. 2011), he seeks an outright release or a bond hearing. See Instant Matter, ECF No. 1.

Pre-removal-period detention is governed by 8 U.S.C. § 1226 which permits, and where the detainee has been convicted of an aggravated felony mandates, detention during removal proceedings. See, e.g., Demore v. Kim, 538 U.S. 510, 523 (2003) ("[D]etention during deportation proceedings [is] a constitutionally valid aspect of the deportation process"). Nevertheless, the Due Process Clause impliedly dictates that a detention may become so

---

[1] Petitioner was placed in immigration custody on November 20, 2009. See Alvarez-Monroy-I, ECF No. 15, at 1. While on June 20, 2012 the Board of Immigration Appeals affirmed Petitioner's order of removal, hence finalizing that order, see id., ECF No. 10, at 2, the Second Circuit granted his petition for review and ordered a stay of removal on September 24, 2013. See Alvarez-Monroy-I, ECF No. 15, at 1. With that, Petitioner's removal-period-detainee status reverted to that of a pre-removal-period detainee, and has remained that way since that time. Accord Leslie v. AG, 678 F.3d 265, 271-72 (3d Cir. 2012).

prolonged that the detainee could become entitled to a hearing at which the government must prove that his continued detention is justified.  See Diop, 656 F.3d at 233; see also Demore, 538 U.S. at 532-33 (Kennedy, J., concurring).[2]

**IT IS**, therefore, on this 21st day of April, 2014,

**ORDERED** that, to the extent Petitioner seeks outright release, his Petition, ECF No. 1, is denied, since this is not a remedy appropriate in § 1226(c) matters, see Hany El Sayed v. Holder, Civ. No. 11-7324, 2012 U.S. Dist. LEXIS 16808, at *12-13 (D.N.J. Feb. 9, 2012) (citing Diop, 656 F.3d at 231); and it is further

**ORDERED** that, to the extent Petitioner seeks a bond hearing before an immigration judge, his Petition, ECF No. 1, is granted unless, as of the date of entry of this Memorandum Opinion and Order, the United States Court of Appeals for the Second Circuit affirms Petitioner's order of removal, reverting his status to that of a removal-period detainee; and it is further

**ORDERED** that the Clerk shall docket this Memorandum Opinion and Order in Monroy v. Holder, Civil Action No. 13-0144 (SRC), and accompany that docket entry with the docket text reading, "RESPONDENT'S ACTION IS REQUIRED IN PETITIONER'S NEW HABEAS MATTER, No. 14-0708 (SRC)"; and it is further

---

[2] While the Court of Appeals in Diop declined to adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention, it made it abundantly clear that an alien's pre-removal detention exceeding three years warrants habeas relief in the nature of a bond hearing unless the major part of that detention is attributed to the alien's undue dilatory tactics. See Diop, 656 F.3d at 233-34 (the reasonableness of pre-removal detention depends on the facts of each individual case and "hinges on the length of the delay and the reasons for the delay"); cf. Leslie, 678 F.3d at 270-71 (a bond hearing is warranted if an alien was detained pursuant to § 1226 for "a period of nearly four full years," since such period was unreasonable absent an "individualized inquiry into whether detention [was] still necessary to fulfill the statute's purposes").  There is no indication in this case that Petitioner's thirty-eight month pre-removal-period detention is attributable in any way to his undue dilatory conduct.

**ORDERED** that, since Petitioner's traverse filed in <u>Monroy v. Holder</u>, Civil Action No. 13-0144 (SRC), raised a claim indistinguishable from that litigated in this matter, the Clerk shall add the attorney representing Respondent in <u>Monroy v. Holder</u>, Civil Action No. 13-0144 (SRC), as Respondent's counsel in this matter and the lead attorney to be noticed; and it is further

**ORDERED** that Respondent shall ensure that an immigration judge provides Petitioner with an individualized bond hearing within fourteen (14) days from the date of entry of this Memorandum Opinion and Order, unless Petitioner's status reverts to that of a removal-period detainee by the date of that bond hearing; and it is further

**ORDERED** that Respondent shall ensure that during the bond hearing the immigration judge determines whether, and under which conditions, Petitioner may be released from custody pending resolution of his immigration proceedings.  At that individualized bond hearing, Respondent shall bear the burden of proving that Petitioner's continued detention is warranted; and it is further

**ORDERED** that, within five days from the date of entry of the immigration judge's decision, Respondent shall file a written statement in this matter and in <u>Monroy v. Holder</u>, Civil Action No. 13-0144 (SRC), informing this Court of the outcome; and it is further

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Respondent by means of electronic delivery and upon Petitioner by certified mail, return receipt requested; and it is finally

**ORDERED** that the Clerk shall close the file on this matter.

    __/s/ Stanley R. Chesler_____
**Stanley R. Chesler**
**United States District Judge**